United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

REVA PAYROVI,

            Plaintiff,

      v.

LG CHEM AMERICA, INC., et al.,

            Defendants.

Case No. 5:20-cv-04144-EJD

**ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM, LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Re: Dkt. Nos. 14, 16

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants LG Chem America, Inc. ("LGC America") and LG Chem, Ltd. ("LGC Ltd.") each move to dismiss Plaintiff Reva Payrovi's complaint for lack of personal jurisdiction. LGC America Motion to Dismiss ("LGC America Mot."), Dkt. No. 14; LGC Ltd. Motion to Dismiss ("LGC Ltd. Mot."), Dkt. No. 16. Because these two motions raise substantially similar legal arguments, the Court considers the motions together. The Court took the matters under submission without oral argument pursuant to Civil Local Rule 7-1(b). Having considered the Parties' papers, the Court **GRANTS** LGC Ltd.'s motion to dismiss.

The Court further authorizes jurisdictional discovery as to the extent and nature of LGC America's advertising and marketing of LG HG2 18650 3000mAh lithium-ion batteries to California retailers such as Vape Society. LGC America's motion to dismiss is thus **DENIED** without prejudice to resubmit after jurisdictional discovery has been completed.

Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM, LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1

## I.      BACKGROUND

### A.  Factual Background

Plaintiff Reva Payrovi is a resident of the State of Texas. Exhibits re Notice of Removal, Original Complaint and Jury Demand ("Compl.") ¶ 5, Dkt. No. 10. In March 2017, Plaintiff's daughter purchased a model LG HG2 18650 3000mAh lithium-ion battery (the "Battery"), intended to be used in electronic cigarettes, from Ipurchase Online d/b/a Vape Society Supply ("Vape Society") through its webstore. *Id.* ¶ 2. In February, 2018, while in Texas, Plaintiff placed the Battery in his pant leg pocket, where it exploded and caught fire, causing Plaintiff to suffer second-degree and third-degree burns. *Id.* ¶ 3.

LGC America is a Delaware-incorporated entity with its principal place of business in Atlanta, Georgia. Declaration of Hyunsoo Kim ("Kim Decl.") ¶ 3, Dkt. No. 14-1.[1] Although Plaintiff alleges LGC America "has its principle place of business and nerve center" in San Jose, California, Compl. ¶ 6, LGC America avers that its corporate headquarters is in fact located in Atlanta, Georgia, and the President and Chief Financial Officer of LGC America both live and work in the State of Georgia. *Id.* ¶ 4.[2] LGC Ltd. is a South Korean company with its headquarters and principle place of business in Seoul, South Korea. Declaration of Sooha Yang ("Yang Decl.") ¶ 2, Dkt. No. 17. LGC Ltd., in particular, does not own or lease any property in California, and has no employees who work in California. *Id.* ¶¶ 5-6.

LGC America is a subsidiary of LGC Ltd. Compl. ¶ 12(N). Specifically, LGC America is wholly owned by LG Chem Michigan, Inc., which is wholly owned by LGC Ltd. Kim Decl. ¶ 5. While LGC Ltd. designs and manufactures products, including "manufactur[ing] 18650 lithium-ion cells for specific applications by sophisticated companies," Yang Decl. ¶ 9, LGC America

---

[1] In considering a motion to dismiss for lack of personal jurisdiction, courts may consider evidence presented in affidavits and declarations in determining personal jurisdiction." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).
[2] Although Plaintiff's allegations are taken as true where uncontroverted, courts "may not assume the truth of allegations that are contradicted by affidavit." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014) (citing *Data Disc, Inc.*, 557 F.2d at 1284).

Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM, LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

2

United States District Court
Northern District of California

1    does "not have any manufacturing plants, and it focuses on sales and distribution only," Kim.

2    Decl. ¶ 10.

3    Plaintiff alleges that the Battery was designed, manufactured, sold, and placed into the

4    stream of commerce by Defendants. Compl. ¶¶ 2, 19. Defendants in their declarations both

5    provide that they have "never designed, manufactured, distributed, advertised, or sold any lithium-

6    ion cell for use by individual consumers as standalone, removable, rechargeable batteries in

7    electronic cigarette or vaping devices." Kim Decl. ¶ 11; Yang Decl. ¶ 11. They also both

8    specifically deny "authoriz[ing] Vape Society to sell or distribute LG-brand lithium-ion cells for

9    any purpose, [or] authoriz[ing] Vape Society to sell or distribute LG-brand lithium-ion cells for

10   use by individual consumers as standalone, removable, rechargeable batteries in electronic

11   cigarette or vaping devices." Kim Decl. ¶ 13; Yang Decl. ¶ 8.

12   ### B.  Procedural Background

13   Plaintiff originally filed a lawsuit in the District Court of Dallas County, Texas against

14   Defendants as well as against Vape Society, arising out of the same events that are at issue here.

15   Declaration of Christopher M. Sargoy ("Sargoy Decl.") Exhibit B. The Dallas court dismissed

16   Defendants from that lawsuit for lack of personal jurisdiction on February 18, 2020. Compl. ¶ 48.

17   Plaintiff then filed this suit in Santa Clara County Superior Court. *Id.* ¶ 49. Defendant LGC Ltd.

18   removed the case to this Court. Notice of Removal 1, Dkt. No. 1.

19   Defendants filed their motions to dismiss on June 30, 2020. LGC America Mot. 9; LGC

20   Ltd. Mot. 9. Plaintiff opposes both motions. Plaintiff's Response to Defendant LG Chem, Ltd.'s

21   Motion to Dismiss ("Opp. to LGC Ltd."), Dkt. No. 27; Plaintiff's Response to Defendant LG

22   Chem America, Inc.'s Motion to Dismiss ("Opp. to LGC America"), Dkt. No. 28.

23   ## II.    LEGAL STANDARD

24   Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss for lack

25   of personal jurisdiction. While the plaintiff bears the burden of showing that the Court has

26   personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the

27   Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

3

United States District Court
Northern District of California

1    plaintiff." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (quotation marks

2    and citation omitted). The Court may consider evidence presented in affidavits and declarations in

3    determining personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285

4    (9th Cir. 1977); *but see Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("When a district

5    court acts on a defendant's motion to dismiss under Rule 12(b)(2) without holding an evidentiary

6    hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the

7    motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support

8    jurisdiction over the defendant." (citations omitted)). "The plaintiff cannot simply rest on the bare

9    allegations of its complaint, but uncontroverted allegations in the complaint must be taken as

10   true." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation

11   marks and citation omitted). "The Court may not assume the truth of allegations that are

12   contradicted by affidavit." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002,

13   1008 (N.D. Cal. 2014) (citing *Data Disc, Inc.*, 557 F.2d at 1284).

14          There are two limitations that restrict a court's power to exercise personal jurisdiction over

15   a nonresident defendant: the constitutional principles of due process and the applicable state

16   personal jurisdiction rule. *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). The Ninth Circuit

17   has held that because California's personal jurisdictional rule is "coextensive with the outer limits

18   of due process," personal jurisdictional inquiries under California law are constrained solely by

19   constitutional principles. *Id.* at 1361; Cal. Civ. Proc. Code § 410.10.

20          The Supreme Court has held that constitutional due process requires that a nonresident

21   defendant have sufficient "minimum contacts" with the forum state "such that maintenance of the

22   suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v.*

23   *Washington*, 326 U.S. 310, 316 (1945). In applying the minimum contacts analysis, a court may

24   exercise either general or specific jurisdiction over a nonresident defendant. *Doe v. Unocal Corp.*,

25   248 F.3d 915, 923 (9th Cir. 2001), *abrogated on other grounds by Daimler AG v. Bauman*, 571

26   U.S. 117 (2014). When the defendant's activities in the forum state are substantial, continuous and

27   Case No.: 5:20-cv-04144-EJD
     ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
     LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                                                4

United States District Court
Northern District of California

1    systematic, a court may exercise general jurisdiction over the defendant, even if the cause of

2    action is unrelated to defendant's contacts with the forum. *Id.* at 923. A defendant may also be

3    subject to specific jurisdiction if the defendant "has sufficient contacts with the forum state in

4    relation to the cause of action." *Sher*, 911 F.2d at 1361 (citations omitted).

5    **III.    DISCUSSION**

6         **A.  Imputation of Contacts**

7         In asserting that personal jurisdiction can be exercised over Defendants, Plaintiff alleges a

8    wide variety of contacts between Defendants and the State of California. *See* Compl. ¶¶ 10, 12.

9    However, the complaint rarely distinguishes which allegations pertain to which defendant(s), with

10   distinctions made only in two places relating to jurisdiction. *See id.* ¶¶ 6, 7. "It is well established

11   that, as a general rule, where a parent and a subsidiary are separate and distinct corporate entities,

12   the presence of one … in a forum state may not be attributed to the other." *Axiom Foods, Inc. v.*

13   *Acerchem Int'l, Inc.*, 874 F.3d 1064, 1071 (9th Cir. 2017) (quoting *Holland Am. Line Inc. v.*

14   *Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)). This Court cannot impute the parent

15   company's contacts to the subsidiary, or vice versa, absent allegations of agency, alter ego, or a

16   similar relationship. *See id.* at 1071 n.5 (explaining that where a plaintiff has not met "the standard

17   for finding an agency relationship" nor "spelled out an alter ego theory of liability allowing [the

18   court] to attribute the activities of the parent entity to the subsidiary," the contacts of one

19   corporation would not be attributed to the other).

20        In this case, Plaintiff alleges that "the actions of the subsidiaries in establishing principal

21   places of business in California, transacting business in California, selling and marketing products

22   to individuals in California, and having regular, repeated conduct with California should be

23   imputed to Defendant LG Chem, LTD," because LGC Ltd. intended to use its subsidiaries as its

24   marketing and production arms in the United States, and exercised "full, total and explicit control"

25   over its subsidiaries. Compl. ¶ 12Q. In its declaration, however, LGC America avers that LGC

26   Ltd., LG Chem Michigan, Inc., and LGC America are all separate legal entities, that LGC

27   Case No.: 5:20-cv-04144-EJD
     ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
     LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                                                  5

United States District Court
Northern District of California

United States District Court
Northern District of California

1   America has its own corporate officers, that LGC Ltd. does not pay any of LGC America's

2   employees or expenses, and that LGC Ltd. does not manage the day-to-day activities of LGC

3   America. Kim Decl. ¶¶ 5-8. In this case, Plaintiff has "not made a prima facie case for an agency

4   relationship." *Axiom Foods*, 874 F.3d at 1071 n.5 (citing *Williams v. Yamaha Motor Co.*, 851 F.3d

5   1015, 1024-25 (9th Cir. 2017)) ("[U]nder any standard for finding an agency relationship, the

6   parent company must have the right to substantially control its subsidiary's activities."). Thus, this

7   Court will not impute the contacts of LGC Ltd. and LGC America to each other.

8        According to the Declaration of Hyunsoo Kim, Compliance Manager for LGC America,

9   LGC America does not handle investments, design LG products, or manufacture LG products, but

10  rather handles sales and distribution of those products in the United States. Kim Decl. ¶ 10.

11  Complementing this assertion, Plaintiff's complaint similarly alleges that LGC Ltd. sells and

12  distributes items in California through its subsidiaries, LGC America and LG Chem Michigan,

13  Inc. Compl. ¶ 12R. For the purpose of considering personal jurisdiction, the Court, therefore,

14  construes the allegations regarding investment, design, and manufacture as pertaining to LGC Ltd.

15  only, and the allegations regarding sales and distribution as pertaining to LGC America only.

16       **B. General Jurisdiction**

17       Plaintiff concedes in his opposition that, "because [Defendants are] neither incorporated in

18  California nor ha[ve their] principal place[s] of business in this state, Plaintiffs' [sic] argument

19  focuses on the specific jurisdiction analysis." Opp. to LGC Ltd. at 6; Opp. to LGC America at 6.

20  Plaintiff similarly reiterates that "[p]ersonal jurisdiction is based on specific jurisdiction," in the

21  case management conference statement jointly filed by the parties. Joint Case Management

22  Conference Statement ("Joint CMC") 1, Dkt. No. 36. The Court agrees that there is no general

23  jurisdiction over either defendant.

24       "A court may assert general jurisdiction over foreign (sister-state or foreign-country)

25  corporations to hear any and all claims against them when their affiliations with the State are so

26  'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*

27  Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28  AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
6

*AG v. Bauman*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 925 (2011)). "The paradigm forums in which a corporate defendant is at home, are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Daimler*, 571 U.S. at 137 and *Goodyear*, 564 U.S. at 924) (internal citations omitted). The general jurisdiction inquiry "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Daimler*, 571 U.S. at 139 n.20. Only in an "exceptional case" can a corporation's contacts in another state "be so substantial and of such a nature as to render the corporation at home in that State," regardless of its incorporation or principle place of business. *Id.*

Defendant LGC America is incorporated in Delaware. Kim Decl. ¶ 3. Plaintiff alleged that LGC America has "its principle place of business office and nerve center in Santa Clara County, California." Compl. ¶ 6. However, LGC America avers, and Plaintiff does not contest, that its headquarters are in fact in Atlanta, Georgia. Kim Decl. ¶ 4. Plaintiff does not allege any other substantial contacts of LGC America with California, to support an exceptional finding. Accordingly, there is no general jurisdiction over LGC America in California.

Defendant LGC Ltd. is a Korean corporation, with its headquarters and principle place of business in Seoul, South Korea. Yang Decl. ¶ 3. While Plaintiff alleges a wide variety of contacts between LGC Ltd. and California, those contacts are not sufficient to support an exceptional finding that LGC Ltd. is at home in California. *Cf. Perkins v. Bunguet Consol. Mining Co.*, 342 U.S. 437 (in which war had forced the defendant's corporation's owner to temporarily relocate the business from the Philippines to Ohio, and the Supreme Court found that Ohio thereby became the corporation's nerve-center during wartime). Accordingly, there is no general jurisdiction over LGC Ltd. in California.

Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM, LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

7

United States District Court
Northern District of California

### C.  Specific Jurisdiction

The Ninth Circuit has established a three prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs, and only thereafter is the notion of fair play and substantial justice examined. *See id.*

#### 1.  Purposeful Availment

The first prong of the test includes both purposeful direction and purposeful availment, which are "two distinct concepts." *Id.* Purposeful direction, which is analyzed under the *Calder* "effects" test, is limited to claims of intentional tort. *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450 (9th Cir. 2007); *see Calder v. Jones*, 465 U.S. 783, 789 (1984) (distinguishing between intentional action and "mere untargeted negligence"). Plaintiff's action being one based upon strict products liability and negligence, Compl. ¶¶14-26, 32-39, this Court applies the "purposeful availment" framework which asks whether a defendant has "'deliberately' engaged in significant activities within a State" such that he "has availed himself of the privilege of conducting business there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

In arguing that Defendants have purposefully availed themselves of the privilege of doing business in California, Plaintiff relies on the "stream of commerce plus" theory identified in *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102 (1987). Opp. to LGC Ltd. 7; Opp. to LGC America 7-8. The *Asahi* Court held that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the

Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1    forum State." *Asahi*, 480 U.S. at 112. However, the *Asahi* Court recognized that additional

2    conduct such as "designing the product for the market in the forum State, advertising in the forum

3    State, establishing channels for providing regular advice to customers in the forum State, or

4    marketing the product through a distributor who has agreed to serve as the sales agent in the forum

5    State," could be sufficient. *Id.* Whether the "additional conduct" alleged is sufficient to constitute

6    purposeful availment is a case-by-case analysis particular to each Defendant.

### a.   LGC America

8        Plaintiff alleges that LGC America established local distributors, directly sold or delivered

9    its lithium-ion batteries to consumers in California, advertised to and targeted "numerous

10   consumers throughout California," and sold to "major" customers in California such as Apple and

11   Hewlett Packard. Compl. ¶¶ 10H-G. In response, LGC America argues that all of this conduct is

12   irrelevant to the purposeful availment inquiry, because it is not "suit-related conduct." LGC

13   America Mot. 7 (relying on relying on *Walden v. Fiore*, 571 U.S. 277 (2014) and *AboveGEM, Inc.*

14   *v. Organo Gold Mgmt., Ltd.*, 2020 WL 1531322, (N.D. Cal. Mar. 31, 2020)).

15       As an initial matter, LGC America's argument blurs the line between the first two prongs

16   of the Ninth Circuit's specific jurisdiction test. Defendant is correct that, "[f]or a State to exercise

17   jurisdiction consistent with due process, the defendant's suit-related conduct must create a

18   substantial connection with the forum State." *Walden*, 571 U.S. at 284. However, the *Walden*

19   court made this statement in reference to the overarching concept of "'minimum contacts'

20   necessary to create specific jurisdiction." *Id* at 283. At no point did the *Walden* court suggest that

21   the component parts of this standard—the "purposeful availment" and "arising under" prongs—

22   should be collapsed into one inquiry. *See id.* at 284 (analyzing "[t]wo related aspects of [the

23   minimum contacts] relationship," as distinct requirements).[3] This Court considers each prong

24

_____

25   [3] *AboveGEM* also provides no aid to Defendant's argument. In that case, the defendants were three
     related companies and their chairman, which all moved to dismiss the lawsuit. *AboveGEM*, 2020
26   WL 1531322 at *1. Although the court analyzed the "suit-related" conduct of one defendant, it
     specifically engaged in a separate "arising out of" analysis for the other defendants. *Id.* at *5.
27   Case No.: 5:20-cv-04144-EJD
     ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
     LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

United States District Court
Northern District of California

1   independently.

2   The relevant inquiry is whether LGC America's conduct in California is enough to

3   constitute purposeful availment. A defendant purposefully avails itself of the forum state when it

4   takes action to "target" that specific state. *Rodoni v. Royal Outdoor Prod., Inc.*, 2019 WL

5   2300400, at *5 (D. Mont. May 30, 2019) (citing *Moseley v. Suzuki Motor of Am., Inc.*, 2018 WL

6   539330, at *2 (D. Idaho Jan. 24, 2018)); *see J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873,

7   877 (2011) (finding that specific jurisdiction was lacking where "at no time had [the defendant]

8   advertised in, sent goods to, or in any relevant sense *targeted* the State.") (emphasis added). In

9   *Rodoni,* the court found that if "a national corporation with a national advertising presence . . .

10   target[ed] or tailor[ed] its general advertising campaign to reach an audience within a certain state

11   [it] thereby expos[ed] itself to jurisdiction." *Id.* at *5.

12   Plaintiff alleges that LGC America advertised and targeted "numerous consumers

13   throughout California," and "has established local distributors." Compl. ¶ 10H. This Court finds

14   that these allegations of targeted conduct are sufficient to show purposeful availment by LGC

15   America. *See Asahi*, 480 U.S. at 112 (finding that "advertising in the forum state" and "marketing

16   the product through a distributor who has agreed to serve as the sales agent in the forum State"

17   were both examples of conduct that might satisfy purposeful availment).

18   **b.   LGC Ltd.**

19   Plaintiff alleges that LGC Ltd.'s alleged contacts with California are even more extensive

20   and purposeful than LGC America's contacts. Plaintiff alleges that LGC Ltd. designed,

21   engineered, and installed "the largest battery system installed in North America" in 2014 in

22   Tehachapi, CA, partnered with California companies to directly install LG Chem lithium-ion

23   battery energy storage units in homes across the state, directly invested in multiple California

24   companies, and did business with multiple corporate consumers in California, such as Tesla and

25   Faraday Future. Compl. ¶¶ 12D-K. For the reasons stated above, this Court finds that LGC Ltd.

26   purposefully availed itself of the privilege of doing business in California.

27   Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

United States District Court
Northern District of California

### 2. Arising Under

"In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler*, 571 U.S. at 118) (alterations in original). In determining when a plaintiff's claims arise out of a defendant's forum-related conduct, "the Ninth Circuit follows the 'but for' test." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). In other words, Plaintiff "must show that he would not have suffered an injury 'but for' [Defendant]'s forum-related conduct." *Id.*

#### a. LGC America.

Plaintiff generally contends that LGC America's activities in selling and marketing its products in California are a but-for cause of his injury. Opp. to LGC America 10. In *Bristol-Myers Squibb*, a "group of plaintiffs—consisting of 86 California residents and 592 residents from 33 other States" sued a pharmaceutical manufacturer in California alleging that a certain drug had damaged their health. *Bristol-Myers Squibb*, 137 S. Ct. at 1778. The Supreme Court found personal jurisdiction lacking over the defendant with respect to the non-resident claims, because the non-residents purchased and ingested the drug elsewhere, and the defendant did not design or develop the drug in California. *Id.* at 1779. The Supreme Court explained that "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State" unless there is a connection between the defendant's activities and the "underlying controversy." *Id.* at 1781.

Plaintiff argues that "[u]nlike the situation in *Bristol-Myers*, … [LGC America], in concert with its parent company, LG Chem, Ltd., push[ed] its 18650 lithium-ion batteries to California battery suppliers and distributors" such as House of Batteries, a supplier located near Vape Society. Opp. to LGC America 12. Plaintiff argues that "[i]t is reasonable to suspect that Vape Society Supply received its lithium-ion batteries for ecig devices from House of Batteries and/or other California battery-suppliers that specifically partner with LG" and that "if LG had never

Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
11

1    aggressively distributed and marketed its lithium-ion batteries in California . . . Plaintiff would not

2    have been harmed by the subject Battery." *Id.* at 12-13.

3           Taking Plaintiff's allegations as true, it is possible that Plaintiff's injury would not have

4    occurred but-for LGC America's marketing and distribution of the Battery to California battery

5    suppliers. Although LGC America acknowledges that it currently subleases one rental property in

6    California, previously sublet other properties in California, and currently has three employees who

7    work and reside in California, Kim Decl. ¶¶ 4, 9, LGC America specifically denies that it did any

8    business with Vape Society, or that it ever "distributed, advertised, or sold any lithium-ion cell for

9    use by individual consumers as standalone, removable, rechargeable batteries in electronic

10   cigarette or vaping devices," *id.* ¶¶ 11-13. Thus, the parties dispute whether and to what extent

11   LGC America marketed and advertised to, or did business with, California battery suppliers.

12   Without more, the Court cannot hold that Plaintiff's injury arose out of LGC America's contacts.

13   *See Mavrix*, 647 F.3d at 1223 (only "uncontroverted allegations in the complaint must be taken as

14   true."). Therefore, Plaintiff has failed to establish a prima facie case that LGC America is subject

15   to personal jurisdiction in this Court.

16                              **b.  LGC Ltd.**

17          Unlike LGC America, LGC Ltd.'s contacts involve investment, design, and manufacture.

18   Plaintiff specifically argues that, "[b]ased on [its] partnerships and investments, it is reasonable to

19   suspect that LG has gone as far as designing or developing the technology for its 18650 lithium-

20   ion batteries, at least in part, on California soil." Opp. to LGC Ltd. at 12. As with LGC America,

21   LGC Ltd., maintains that it "does not design or manufacture 18650 lithium-ion cells for sale to

22   individual consumers as standalone batteries." Yang Decl. ¶ 10. Beyond that, however, LGC Ltd.

23   avers that it does not own or lease any real property in California, does not have an office in

24   California, and does not have any employees who work in California. *Id.* ¶¶ 3, 5-6. LGC Ltd. is

25   not even registered to do business in California. *Id.* at ¶ 4. Accordingly, while LGC America's

26   contacts might, upon a more satisfactory showing of facts, be a but-for cause of Plaintiff's injuries,

27   Case No.: 5:20-cv-04144-EJD
     ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
     LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                                        12

United States District Court
Northern District of California

1    the Court finds it implausible that LGC Ltd. designed or developed the Battery "on California

2    soil." LGC Ltd. Reply 5, Dkt. No. 30. Thus, Plaintiff has failed to establish a prima facie case that

3    LGC Ltd. is subject to personal jurisdiction in this Court.

4                    **D.  Jurisdictional Discovery**

5           Plaintiff requests leave to conduct jurisdictional discovery as to Defendants. Opp. to LGC

6    America 15. Opp. to LGC Ltd. 15. "A court may permit discovery to aid in determining whether it

7    has personal jurisdiction." *EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp.

8    2d 1074, 1093 (C.D. Cal. 2010) (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d

9    406, 430 n.24 (9th Cir. 1977)). Jurisdictional discovery is discretionary, and "may be

10   appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted

11   or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d

12   1011, 1020 (9th Cir. 2008). There are circumstances when jurisdictional discovery is unwarranted.

13   For example, in *Bar Grp., LLC v. Bus. Intelligence Advisors, Inc.*, 215 F. Supp. 3d 524, 562 (S.D.

14   Tex. 2017) the court denied jurisdictional discovery because plaintiff offered only "speculation as

15   to jurisdiction" and was waging a "fishing expedition" into jurisdictional facts. In general, "a

16   refusal to grant discovery to establish jurisdiction is not an abuse of discretion when 'it is clear

17   that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction,'"

18   *Laub v. United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). However,

19   jurisdictional discovery should be granted where "discovery on th[e] issue might well demonstrate

20   facts sufficient to constitute a basis for jurisdiction," *Harris Rutsky & Co. Ins. Servs. v. Bell &*

21   *Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

22          Given LGC Ltd.'s uncontroverted statements that it did not design or manufacture the

23   Battery for use by individual consumers, that it does not own or lease property in California, that it

24   has no employees in California, and that it is not even registered to do business in California,

25   Plaintiff's suspicions about LGC Ltd.'s design are nothing more than mere speculation. Further

26   discovery is unlikely to produce facts that show LGC Ltd.'s contacts with California were a but-

27   Case No.: 5:20-cv-04144-EJD
     ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28   AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
     LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                                              13

United States District Court
Northern District of California

United States District Court
Northern District of California

1  for cause of Plaintiff's injuries, and is, therefore, unlikely to establish any basis for jurisdiction.

2  Accordingly, Plaintiff's request for jurisdictional discovery as to Defendant LGC Ltd. is

3  **DENIED**.

4       However, the facts underlying LGC America's contacts with California are more seriously

5  in dispute. On the one hand, LGC America denies that it ever "distributed, advertised, or sold any

6  lithium-ion cell for use by individual consumers as standalone, removable, rechargeable batteries."

7  Kim Decl. ¶ 11. On the other hand, Plaintiff argues that the Battery ended up on the shelves of

8  Vape Society only because of LGC America's "aggressive marketing and distribution of its

9  lithium-ion batteries in California." Opp. to LGC America 13; *see* Compl. ¶ 10H(iii). Plaintiff's

10  request for jurisdictional discovery into Defendant LGC America is based upon his specific

11  suspicion that "Vape Society Supply received its lithium-ion batteries for ecig devices from House

12  of Batteries and/or other California battery-suppliers that specifically partner with [LGC

13  America]" because of LGC America's targeted marketing campaign in California. Opp. to LGC

14  America at 12.

15       If LGC America in fact targeted and advertised to California retailers similar to Vape

16  Society, and Vape Society received its lithium-ion batteries from such suppliers, it would be

17  reasonable to find that such conduct was a but-for cause of Plaintiff's injury. *See Rodoni v. Royal*

18  *Outdoor Prod., Inc.*, 2019 WL 2300400, at *5 (D. Mont. May 30, 2019). In *Rodoni*, a Montana

19  resident was injured by a collapsed railing purchased from Home Depot, originally designed

20  outside of Montana by a national chain called Royal Outdoor Products ("Royal"). Rodoni alleged

21  that Royal was a leading producer in the home improvement market and had entered into contracts

22  to furnish materials to Home Depot in Montana. The district court found that "[t]hese facts, on

23  their own, do not meet the necessary standard to show that Royal Defendants specifically targeted

24  the Montana home-improvement market." *Id.* at *5. Rather, the court authorized jurisdictional

25  discovery, finding that Rodoni might "uncover facts that suggest that Royal Defendants

26  specifically targeted Home Depot or other third-party distributors within Montana," and that if

27  Case No.: 5:20-cv-04144-EJD
ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS

28  AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1   Royal had "specifically targeted the Montana home-improvement market," specific jurisdiction

2   would exist. *Id.*

3          Accordingly, this Court finds that jurisdictional discovery is warranted as to the extent and

4   nature of LGC America's advertising and marketing of LG HG2 18650 3000mAh lithium-ion

5   batteries to California retailers such as Vape Society.

6   **IV.    CONCLUSION**

7          For the above reasons, the Court **GRANTS** Defendant LGC Ltd.'s motion to dismiss for

8   lack of personal jurisdiction. Plaintiff's request for jurisdictional discovery is **GRANTED** as to

9   Defendant LGC America, and LGC America's motion to dismiss is **DENIED** without prejudice to

10  renew the motion after Plaintiff has had a full and fair opportunity to complete jurisdictional

11  discovery consistent with this order. Only jurisdictional discovery requests may be propounded

12  upon Defendant LGC America. Any disputes regarding the scope of jurisdictional discovery are

13  referred to the magistrate judge.

14         **IT IS SO ORDERED.**

15  Dated: September 29, 2020

16  _____
    EDWARD J. DAVILA
17  United States District Judge

18

19

20

21

22

23

24

25

26

27  Case No.: 5:20-cv-04144-EJD
    ORDER DENYING DEFENDANT LG CHEM AMERICA, INC.'S MOTION TO DISMISS
28  AND AUTHORIZING JURISDICTIONAL DISCOVERY, AND GRANTING LG CHEM,
    LTD.'S MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION
                                    15

United States District Court
Northern District of California